IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIA SYNDER, | ) | Civil No. 16-00097 ACK-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTION TO CONSOLIDATE |
| vs. | ) | CIVIL NOS. CV 16-00097 ACK-KJM |
| | ) | AND CV 16-00174 HG-KSC |
| | ) | |
| CACH, LLC, and MANDARICH | ) | |
| LAW GROUP, LLP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS' MOTION TO CONSOLIDATE
CIVIL NOS. CV 16-00097 ACK-KJM AND CV 16-00174 HG-KSC

On May 5, 2016, Defendants CACH, LLC and Mandarich Law Group, LLP (collectively "Defendants") filed a Motion to Consolidate Civil Nos. CV 16-00097 ACK-KJM and CV 16-00174 HG-KSC ("Motion"). ECF No. 18. Plaintiff Maria Snyder ("Plaintiff" or "Snyder") filed her Response in Opposition to Defendants' Motion on June 6, 2016. ECF No. 24. Defendants filed their Reply in Support of their Motion on June 13, 2016. ECF No. 25.

The Court held a hearing on this matter on June 27, 2016 at 10:00 a.m. Thomas M. McGreal, Esq. appeared by telephone on behalf of the Defendants. Justin A. Brackett, Esq. appeared on behalf of Plaintiff. The Court, having reviewed and

1

considered the Motion, the briefs, declarations, exhibits, and arguments of the parties in their written submissions and during the hearing, and being fully advised in this matter, hereby DENIES the Motion.

BACKGROUND

Snyder filed the instant lawsuit on March 7, 2016, seeking declaratory and injunctive relief, as well as actual and statutory damages for Defendants' alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), Hawaii Revised Statutes ("HRS") Sections 443B-18, 19, 20 (regulating collection agencies) and Hawaii's Unfair or Deceptive Acts of Practices law ("HUDAP"), HRS Section 480. ECF No. 1 ("*Snyder I*"). Snyder also demanded a jury trial. *Id.* On April 24, 2016, Snyder filed another action that contained, *inter alia*, claims seeking similar relief against Defendants. *See Snyder v. CACH, LLC, and Mandarich Law Group, LLP, David N. Matsumiya and Trevor Ozawa*, Case No. CV 16-00174-HG-KSC, Docket Entry 1, Complaint (D. Haw. April 14, 2016 ) ("*Snyder II*"). Snyder also demanded trial by jury. *Id.* In *Snyder II*, though, Snyder also names additional individual Defendants David Matsumiya and Trevor Ozawa for actions they allegedly took in a state court collection lawsuit against her. *Id.* Snyder alleges individual and respondeat superior liability against Matsumiya and Ozawa. *Id.*

Both actions are based upon the defendants' various attempts to collect debts from Plaintiff. In the present Motion, Defendants request that the Court consolidate the

two separate actions for pre-trial and trial purposes pursuant to Federal Rule of Civil Procedure ("FRCP") 42.  ECF No. 18.

## DISCUSSION

FRCP Rule 42(a) empowers a trial judge, when there are common questions of law or fact, to consolidate actions for pre-trial and/or trial to avoid unnecessary costs or delay.  In such instances, the court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FRCP 42.  Courts have broad discretion under Rule 42 in determining whether to consolidate separate actions pending in the same district.  *See Inv. Res. Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).  In exercising its broad discretion, "[t]he court should weigh the time and effort that consolidation would save against any inconvenience, delay, or expense it would cause."  *Narvaes v. EMC Mortg. Corp.*, Civ. No. 07-00621 HG-LEK, 2009 WL 1269733 at *2 (D. Haw. May 1, 2009) (citing *Huene v. United States*, 743 F.2d 703, 703 (9th Cir. 1984).

The Court must balance the risk of prejudice and confusion that might result from consolidating with the risk of inconsistent adjudication of common issues, the burden on the parties, witnesses, and judicial resources, the length of time required, and the relative expense to all parties if the cases are not consolidated.  *See id.* (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)).  When consolidating separate

cases, the Court may "join for hearing or trial any or all matters at issue in the actions." FRCP 42(a)(1). "The burden is on the moving party to prove that consolidation is warranted." *Kowalski v. Mommy Gina Tuna Res.*, No. 05-00679-BMK, 2008 WL 4753282, at *2 (citing *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F.Supp. 1560, 1572 (D. N.M. 1994)).

Here, the parties agree that there are certain similarities between *Snyder I* and *Snyder II*. The two cases involve the same Plaintiff, Maria Snyder. They also include the same two corporate defendants: CACH, LLC and Mandarich Law Group, LLC. Each case alleges that (i) the Defendants improperly added interest or fees to the accounts at issue; (ii) the Defendants were not licensed to collect debts in the State of Hawaii; and (iii) the Defendants violated the FDCPA and HUDAP in the collection efforts they employed against Ms. Snyder.

Notwithstanding the shared common aspects of law and fact between *Snyder I* and *II*, consolidation is nonetheless inappropriate here because it would lead to inefficiency, inconvenience, or unfair prejudice to a party contrary to FRCP 42.

Unlike *Snyder I*, *Snyder II* alleges grossly deceptive conduct against individual defendants Matsumiya and Ozawa, both of whom are not named in *Snyder I*, for their actions arising in a state court lawsuit against Snyder. In *Snyder II*, Plaintiff alleges that Matsumiya and Ozawa submitted a false declaration, failed to serve her with a notice setting aside her Order of Dismissal with prejudice, and failed to serve her with a

4

motion for summary judgment against her.  Substantial discovery, motion practice, and/or trial time appears necessary regarding these allegations, none of which are at issue in *Snyder I*.  This significant distinction cautions against consolidation.

Similarly, Plaintiff alleges, and will ultimately be required to prove, different courses of conduct in each case.  In *Snyder I*, Plaintiff alleges primarily statutory damages arising from the Defendants' pursuit of an overstated debt.  In *Snyder II*, by contrast, Plaintiff seeks "significant actual damages related to defendants' outrageous conduct" in the state court litigation.  ECF No. 24 at 7-11.  These differences have the potential to confuse jurors as to the course of conduct being alleged vis-à-vis the collection actions on each separate account.  Further, the cases are sufficiently distinct on the facts such that consolidating for pre-trial discovery purposes alone would not be productive.  Under the circumstances, forcing Matsumiya and Ozawa to participate in *Snyder I*-related discovery would be inefficient, inconvenient, and unfairly prejudicial, particularly given the fact that Plaintiff has alleged fee-shifting claims against all defendants.  *See* 15 U.S.C. § 1692k (providing for recovery of "costs of the action, together with a reasonable attorney's fee as determined by the court"); Haw. Rev. Stat. § 480-13 (providing for recovery of "attorney's fees together with the costs of suit").  Matsumiya and Ozawa should not be expected to potentially share in the costs of *Snyder I* discovery when they are not parties to that suit.

Although not argued by the parties, *Snyder I* and *II* are also at materially different procedural stages such that consolidation could lead to significant inefficiencies and delays. In *Snyder I*, Defendants have answered the complaint, ECF No. 11, counterclaimed against Plaintiff, *id.*, and filed a Motion to Compel Arbitration and Dismiss Claims. ECF No. 19. Plaintiff has also filed a Motion to Dismiss Defendants' Counterclaim. ECF No. 21. In *Snyder II*, however, as of the hearing on this Motion none of the defendants have filed any responsive pleadings, and there has been no motion practice, even though the Defendants say the two cases are substantially the same. Though Defendants could have filed similar responsive pleadings or motions in *Snyder II* to those they filed in *Snyder I* (and even sought consolidation of the hearings), they have not. *See e.g.*, FRCP 42(a)(1) (permitting joinder of hearings).

Lastly, the parties agree that *Snyder I* and *Snyder II* involve different arbitration clauses. Thus, even if the *Snyder II* defendants ultimately move to compel arbitration as in *Snyder I*, the Court will have to make an independent determination of that issue based upon the language of the *Snyder II* arbitration clause and the parties (including Matsumiya and Ozawa) in that case. This could lead to different results in the two cases, which would be inefficient and another factor indicating consolidation under FRCP 42 is not appropriate here.

CONCLUSION

In accordance with the foregoing, the Court DENIES Defendants' Motion to Consolidate Civil Nos. CV 16-00097 ACK-KJM and CV 16-00174 HG-KSC.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, June 28, 2016.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Synder v. CACH, LLC, et al.; Civ. No.* 16-00097 ACK-KJM; Order Denying Defendants' Motion to Consolidate Civil Nos. CV 16-00097 ACK-KJM and CV 16-00174 HG-KSC